UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**ASHUNTA TRUMBO**                                                                                    **PLAINTIFF**

**v.**                                                                **CIVIL ACTION NO. 3:12CV-261-C**

**WENDY'S**                                                                                          **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Unrepresented by counsel, Ashunta Trumbo filed this action on a general complaint form. As the basis for filing this case in federal court, she alleges racial discrimination by her manager, Pam. Factually, she claims that Pam makes statements "like she is tired of working with peoples from the projects with attitudes" and that foreigners "shaks their head like they know what you're talking about but, it's really like you are talking to dogs." As relief, the plaintiff seeks lost pay, respect from managers, and an apology.

Because Trumbo is proceeding *in forma pauperis,* which means without payment of a fee, the court must initially review the complaint under 28 U.S.C. § 1915(e).

Although Trumbo does not mention any federal statutes in her complaint, the court construes the complaint as asserting an employment discrimination claim arising under Title VII of the Civil Rights Act of 1964. She filed her action on a general complaint form, not on a Title VII complaint form, and she did not attach a copy of her right-to-sue letter from the Equal Employment Opportunity Commission

(EEOC).  *See E.E.O.C. v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir. 1999) ("An individual may not file suit under Title VII if she does not possess a 'right to sue' letter from the EEOC.").  The court, therefore, will allow Trumbo to amend her complaint.

As to the proper parties to this action, in the caption of the general complaint form, Trumbo lists herself as the sole plaintiff, but in the body of the form, she also lists Sabrina and Ashley as plaintiffs.  Because only Trumbo signed the complaint and filed an application to proceed without prepayment of fees, the court considers Trumbo to be the only plaintiff.  Moreover, Trumbo cannot bring an action on behalf of others because she is representing herself, or appearing *pro se*.  *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake."); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court, a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer.").

As to the defendant, Trumbo lists only Wendy's in the caption and provides a summons form only for Wendy's; in the body of the complaint, however, she lists Pam, Cortnay, and Ronda as defendants as well.  Trumbo must clarify which defendant or defendants she seeks to sue when she amends her complaint and

must prepare a summons for each defendant named. Accordingly,

IT IS ORDERED that within 30 days of the entry date of this order, Trumbo (1) must fully complete and submit her complaint on a court-supplied Title VII form; (2) must complete and submit a summons form for each named defendant; and (3) must attach a copy of her EEOC right-to-sue letter. The plaintiff must list all of the defendants she intends to sue in the caption and parties section of the Title VII complaint. The plaintiff is WARNED that her failure to comply with this order within the time allowed may result in dismissal of this action.

The clerk of court is DIRECTED to send the plaintiff a Title VII form, five summons forms, a *Pro Se* Non-Prisoner Handbook, and a copy of this memorandum and order.

Signed on July 23, 2012

**Jennifer B. Coffman, Judge**
**United States District Court**